**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SIDNEY KEYS, SR.,                        )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )          No. 4:24-cv-00419-JSD
                                         )
QUICKTRIP CORPORATION,                   )
                                         )
            Defendant.                   )

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court on self-represented plaintiff Sidney Keys, Sr.'s application to proceed in the district court without prepaying fees or costs. After reviewing plaintiff's financial information, the Court grants plaintiff leave to proceed without payment of the filing fee. Furthermore, after initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff frequently files lawsuits in this Court. He has filed twelve lawsuits in the past month. In this case, plaintiff alleges racial and gender discrimination against defendant QuikTrip Corporation.

He states that "[a]round 2005" he went to QuikTrip in St. Ann, Missouri wearing his cleaning company's uniform. When he walked out of the store, several police officers with shotguns ordered him to the ground. The manager of the QuikTrip came outside and falsely accused plaintiff of robbing the QuikTrip. He states that he did not rob the store. He states that he was on his way to clean the H&R Block in Maryland Heights, Missouri. He contacted the manager of the H&R Block, and the manager filed a complaint with the "Commerce Department" in St. Ann.

-2-

In an unrelated claim, he states that on October 26, 2023, he was illegally arrested at the QuikTrip located at 11829 Lackland Road. He states this arrest was based on racial discrimination.

For damages, plaintiff seeks an unspecified amount to be awarded at a jury trial.

## Discussion

Plaintiff alleges violations of his civil rights based on being wrongfully accused of robbing a QuikTrip in 2005. These allegations are time-barred. Although his legal theories are unclear, presumably plaintiff is attempting to state a claim under 42 U.S.C. § 1981 for racial discrimination. These claims would be governed by the four-year statute of limitations of 28 U.S.C. § 1658. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (applying § 1658's four-year statute of limitations to claims brought under 28 U.S.C. § 1981). Plaintiff's claims arose in 2005. He did not file his claims by 2009 as required, but rather he waited another fourteen years. His claims are barred by the statute of limitations and will be dismissed.

As for his allegations regarding his arrest on October 26, 2023 at QuikTrip, he states that this arrest was based on racial discrimination. These allegations are entirely conclusory and not sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678.

For these reasons, plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

-3-

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of April, 2024.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE